OPINION OF THE COURT
William J. Regan, S.
On February 26, 1976, letters of temporary administration in the estate of Dominicus P. Battha, an alleged absentee, issued to petitioner Johanna Thurn. At that time, pursuant to her application for temporary letters of administration, a hearing was held to determine the date of disappearance. Extensive testimony was taken relative thereto and with a view of determining the absentee’s distributees as they would be determined to be if said absentee had died on the date of filing the petition. Four sisters were alleged to be the distributees at that time. By decree dated February 26, 1976 granting temporary letters of administration as aforesaid, the court further determined therein: "that the date that the said absentee, Dominicus P. Battha, was last seen or heard of is determined to be May 11, 1968, and that the ten-year require *406 ment pursuant to 911 of the Surrogate’s Court Procedure Act be measured from said date”.
Application is now before this court pursuant to SCPA 911 for settlement of petitioner’s account and for a distribution of absentee’s assets to those people entitled thereto by law. SCPA 911 (subd 3) provides as follows: "If the absentee has not appeared or been heard of after the lapse of 10 years from the date of the finding required by 902, subdivision 3 or in case the temporary administrator is not appointed within 9 years after said date, upon the expiration of 1 year after the date of the appointment of the temporary administrator and if the remainder of the property has not been accounted for, delivered or paid over to the absentee or his fiduciary under the preceding subdivision of this section the court shall direct an accounting, require the absentee to show cause why his assets should not be distributed according to law and thereafter make a decree determining that all interest of the absentee in his property has ceased and terminated and directing that all his property be distributed to such persons as would be entitled thereto, by will or as in an intestacy, as if such absentee died at the expiration of such 10 year period. No action shall be brought by an absentee to recover any portion of his property after the determination and decree.” In this proceeding further testimony was taken on August 14, 1978 relative to heirship. The testimony elicited at this time substantiated a finding that the distributees were the same now as they were stated to be at the inception of the original proceedings in 1976. There have been no apparent circumstances known to the petitioner which would have raised a question as to a change in heirship between the distributees as they were stated to be on the date of disappearance of the deceased on May 11, 1968 and as they are declared to be in this proceeding 10 years thereafter. The Attorney-General further questions the appropriateness of a proceeding under SCPA 911 which leads to a decree that an absentee died at the expiration of the 10-year period. While it is true that SCPA 911 does not lead to a finding of death, certainly there is no question but that SCPA 911 does provide for distribution as if the absentee did die at the expiration of the 10-year period.
Upon all the proceedings herein, it is the decision of this court that all interest of the absentee in his property as set forth in the accounting filed by the petitioner on June 20, 1978 has ceased and terminated, and that such property *407 should be distributed to Johanna Thurn, Marietta Alker, Alice Olaechea and Sophia Prybylski, determined by this decision to be the lawful distributees of the absentee herein and entitled to the property of said absentee as if said absentee died 10 years subsequent to May 11, 1968, the date of his disappearance as determined by this court.